```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

TERRANCE D. WILLIAMS,          :

    Petitioner,            :

v.                             :
                                        CIVIL ACTION 07-0196-CG-M
CHERYL PRICE,                  :

    Respondent.            :


## REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that the habeas petition be denied and that this action be dismissed.

    Petitioner was convicted of trafficking in cocaine in the Circuit Court of Baldwin County on December 7, 2004 for which he received a sentence of twenty years in the state penitentiary (Doc. 1).  Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 8, Exhibit 3).  Williams petitioned for *certiorari* but the Alabama Supreme Court denied it and issued a certificate of judgment in the case on May 12, 2006 (Doc. 8, Exhibits 5, 6).  Petitioner

filed a complaint with this Court on March 13, 2007, raising the following claims: (1) The Trial Court improperly allowed evidence of Petitioner's prior conviction before the jury; (2) the conviction was obtained through an unconstitutional search and seizure; and (3) the State presented inadmissible hearsay evidence (Doc. 1).

Respondents have Answered the Petition by asserting that Williams's first claim is procedurally defaulted (Doc. 8). That claim was that the Trial Court improperly allowed evidence of Petitioner's prior conviction before the jury. The evidence shows that the Alabama Court of Criminal Appeals held that this claim was procedurally defaulted because the objection to its admission at trial was not timely made (Doc. 8, Exhibit 3, pp. 2-5).

The Court notes that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), has discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983). The Court further notes the decisions of *Coleman v. Thompson*, 501 U.S. 722 (1991) and *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), which held that a

determination by a state appellate court affirming, without written opinion, a lower court's reasoned determination that a claimant is barred procedurally from raising certain claims in that state's courts satisfied the rule of *Harris*.  Petitioner's first claim raised in this Court is procedurally defaulted.

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded.  The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.  If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause

3

nor prejudice for the procedural default of this claim. Furthermore, Williams has not shown that this Court's failure to discuss the merit of this claim will result in a fundamental miscarriage of justice being visited upon him. Therefore, the Court considers the first claim raised in this Court to be procedurally defaulted and the Court will not address its merit.

Petitioner's second claim is that his conviction was obtained through an unconstitutional search and seizure. In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that "[w]here the state has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial." Because Petitioner's claim relates solely to an alleged fourth amendment violation, and because this claim was fully litigated in state courts (*see* Doc. 8, Exhibit 3, pp. 8-11), habeas corpus relief is not available.

Williams's third, and final, claim is that the State presented inadmissible hearsay evidence against him. Petitioner has argued that this violated his Sixth Amendment right to confront and cross-examine witnesses against him.

The federal courts, in evaluating habeas petitions, exercise only limited review of state evidentiary objections. *Amadeo v. Kemp*, 816 F.2d 1502, 1504 (11th Cir. 1987), *rev'd on other grounds sub nom. Amadeo v. Zant*, 486 U.S. 214 (1988). For a

4

claim of this kind to be cognizable, the defendant must have been deprived of fundamental fairness. *Jameson v. Wainwright*, 719 F.2d 1125, 1127 (11th Cir. 1983) (per curiam), *cert. denied*, 466 U.S. 975 (1984). To determine if fundamental fairness has been denied, a federal court decides whether the evidence is "material in the sense of a crucial, critical, highly significant factor." *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir.),[1] *cert denied sub nom. Hills v. Maggio*, 429 U.S. 850 (1976).

The Court notes that Williams has not identified, in his petition, the evidence to which he objects. Petitioner did, however, raise this same claim in the State courts. The Alabama Court of Criminal Appeals addressed this claim and found it to have no merit (Doc. 8, Exhibit 3, pp. 5-8). The discussion by that Court reveals that the hearsay evidence which was heard by the jury concerned a conversation a police officer had with an informant about previous drug transactions that the informant had had with Williams (*see id.*). The evidence at trial, however, demonstrated that Petitioner was arrested for trying to sell 33.74 grams of cocaine and was convicted of trafficking in cocaine (*id.* at pp. 1-2). The Court finds that the hearsay testimony was not a "highly significant factor" in Williams's conviction. This claim is of no merit.

---

[1] The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Williams has raised three different claims in bringing this action. One was procedurally defaulted while the other two were found to be without merit. Therefore, it is recommended that the habeas petition be denied and that this action be dismissed. It is further recommended that judgment be entered in favor of Respondent Cheryl Price and against Petitioner Terrance D. Williams on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred

6

      to and incorporated into the brief in support of the
      objection.  Failure to submit a brief in support of the
      objection may be deemed an abandonment of the
      objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 27th day of August, 2007.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE